**FILED & ENTERED**

**JAN 20 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell **DEPUTY CLERK**

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**PETER JAMES EICHLER, JR.,**<br><br>Debtor.<br><br>**ALBERTA P. STAHL,**<br>**Chapter 7 Trustee,**<br><br>Plaintiff.<br><br>vs.<br><br>**PETER JAMES EICHLER, JR.,**<br><br>Defendant. | Case No. 2:13-bk-39626-RK<br><br>Chapter 7<br><br>Adv. No. 2:14-ap-01547-RK<br><br>**ORDER ON TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DENYING PARTIAL SUMMARY JUDGMENT AND GRANTING RELIEF IN PART BY TREATING CERTAIN FACTS AS ESTABLISHED PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7056 AND FEDERAL RULE OF CIVIL PROCEDURE 56(g)**<br><br>DATE:      December 15, 2015<br>TIME:      3:30 p.m.<br>PLACE:    Courtroom 1675<br>               255 East Temple Street<br>               Los Angeles, CA 90012 |

Pending before the court is the motion of plaintiff Alberta P. Stahl, Chapter 7 Trustee ("Trustee") for partial summary judgment. ECF 24. The Motion for Partial Summary Judgment ("Motion") seeks judgment on Trustee's claim under 11 U.S.C. § 727(a)(2)(A) against defendant Peter James Eichler, Jr. ("Defendant"). The Motion came on for hearing before the undersigned United States Bankruptcy Judge on December 15,

1  2015.  Monica Y. Kim, of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P.,
2  appeared for Trustee, and Defendant appeared for himself.
3       Having considered the papers in support and opposition of the Motion, the exhibits
4  and declarations attached therein, and the argument at the December 15, 2015 hearing
5  before the court, for the reasons stated below, the court takes the Motion under
6  submission, denies the Motion as to the request for partial summary judgment, but grants
7  relief in part by treating certain facts as established in this adversary proceeding as not
8  genuinely in dispute pursuant to Federal Rule of Bankruptcy Procedure, incorporating by
9  reference, Federal Rule of Civil Procedure 56(g).
10      Under Federal Rule of Civil Procedure 56, made applicable to this adversary
11 proceeding under Federal Rule of Bankruptcy Procedure 7056, the party moving for
12 summary judgment has both an initial burden of production and the ultimate burden of
13 persuasion that there are no genuine issues of material fact and the moving party is
14 entitled to judgment as a matter of law.  "Where the moving party has the burden—the
15 plaintiff on a claim for relief or the defendant on an affirmative defense—his showing
16 must be sufficient for the court to hold that no reasonable trier of fact could find other than
17 for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986),
18 *quoted in*, 3 Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial*, ¶
19 14:124 at 14-42 – 14-43 (2015).  Further:

> [t]his requires the moving party to establish beyond controversy every essential element on its claim or defense: "If the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish by peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."

24 *Id*. at ¶ 14:126 at 14-43, *quoting*, *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.
25 1986) (emphasis in original), and *citing inter alia*, *Southern California Gas Co. v. City of
26 Santa Ana,* 336 F.3d 885, 888 (9th Cir. 2003) (citing text).  Trustee as the party objecting
27 to Defendant's discharge has the burden of proving her claim under 11 U.S.C. §
28

727(a)(2)(A) by a preponderance of the evidence. *In re Lawler,* 141 B.R. 425, 428-429 (9th Cir. BAP 1992)(citations omitted).

The court has reviewed the Motion, the papers and evidence in support and opposition of the Motion, and heard argument at the December 15, 2015 hearing, and determines that, under 11 U.S.C. § 727(a)(2)(A), there are still genuine issues of material fact for trial as to whether Defendant intended to hinder, delay, or defraud an officer of the estate with the various transfers at issue. *See In re Lawson,* 122 F.3d 1237, 1240 (9th Cir. 1997)(one of the elements of a claim under 11 U.S.C. § 727(a)(2)(A) is "a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act [of] disposing of the property"). However, the court exercises its discretion pursuant to Federal Rule of Civil Procedure 56(g), made applicable here by Federal Rule of Bankruptcy Procedure 7056, and treats the following facts as established because these facts are admitted by Defendant or not genuinely in dispute pursuant to Federal Rule of Civil Procedure 56(g) (in this regard, the court adopts the following uncontroverted facts as submitted by Trustee, but assigns paragraph numbers to the submitted and now adopted uncontroverted facts for the clarity of the record and for the convenience of the parties, which facts were previously unnumbered in the moving papers):

1. On December 19, 2013 ("Petition Date"), the Debtor filed an emergency voluntary petition under chapter 7 of the Bankruptcy Code.
2. The voluntary petition filed by the Debtor was a "skeletal" filing pursuant to Local Bankruptcy Rule 1002-1(d), meaning that the petition was filed without a complete set of schedules, statements or other documents required by the Federal Rules of Bankruptcy Procedure ("FRBP").
3. Plaintiff was duly appointed as Trustee of the Debtor's bankruptcy estate shortly after the petition date.
4. As discussed above, more than a year before the Petition Date, on November 11, 2012, the Debtor, as its chief executive officer, signed and filed a voluntary

3

1     petition under chapter 11 of the Bankruptcy Code for Aletheia. Alethia's

2     bankruptcy case was assigned to The Honorable Barry Russell (Case No.

3     2:12-bk-47718). Aletheia was represented in its bankruptcy case by

4     bankruptcy lawyers at Greenberg Glusker Fields Claman & Machting LLP.

5. The Office of the United States Trustee ("UST") conducted a meeting of creditors in Aletheia's chapter 11 case on December 17, 2012. A transcript of this meeting reflects that the UST examined the Debtor [ ] as to the business, assets and liabilities of Aletheia, as well as funds received by the Debtor from Aletheia.

6. By December 28, 2012, Judge Russell entered an order in the Aletheia case appointing a chapter 11 trustee. Effective January 15, 2013, Golden was appointed to serve as the chapter 11 trustee of the Alethia bankruptcy estate. Golden subsequently converted Aletheia's case from chapter 11 to chapter 7 on or about March 29, 2013.

7. Subsequent to the conversion to chapter 7, Golden conducted his independent meetings of creditors, which were held on July 11, 2013 and July 26, 2013. Like the UST, Golden and his professionals examined the Debtor [ ] during these meetings as to the business, assets and liabilities of Aletheia, and funds received by the Debtor from Aletheia, with the goal of identifying assets, including claims against the Debtor, which could be monetized for the benefit of Aletheia's creditors. Transcripts of these proceedings were produced.

8. For almost an entire year from the appointment of Golden as the chapter 11 trustee of the Aletheia estate (on January 15, 2013) through the Debtor's Petition Date (on December 19, 2013), Golden's and his professionals' were engaged in extensive and significant investigation into the affairs and transactions involving Aletheia, including, without limitation, the nature and scope of Aletheia's payments and transfers to the Debtor which included

4

significant bonuses, advancements and/or loans. The Debtor was fully and completely aware and had actual knowledge of these investigation efforts.

14. By October 2013, Golden and his professionals believed that, based on their investigation into Aletheia and the Debtor, they had uncovered enough facts to initiate an adversary proceeding against the Debtor to avoid and recover substantial fraudulent transfers. As they began to prepare the complaint to initiate an adversary proceeding against the Debtor, they learned that the Debtor was planning to sell another one of his very expensive and lavish homes from which the Debtor might receive substantial sale proceeds: 500 Toyopa Property.

15. On December 12, 2013, Golden sent a demand letter to Jade Mills and Steve Lewis of Coldwell Banker informing them that he will be filing a complaint against the Debtor, and requesting that Coldwell Banker inform the escrow company that the Aletheia's bankruptcy estate asserts an interest in the net proceeds to be distributed to the Debtor from the sale of the 500 Toyopa property.

16. On December 12, 2013, Golden filed a complaint (adversary number 2:13-ap-02164-BR) against the Debtor in the Alethia bankruptcy case asserting causes of action for collection on debt, and avoidance and recovery of fraudulent transfers, based both on actual and constructive fraud theories.

17. Concurrently with the filing of the complaint against the Debtor in the Aletheia bankruptcy case, on December 12, 2013, Golden filed an "Emergency Motion for Issuance of Right to Attach Order and Writ of Attachment Against Peter J. Eichler" ("Emergency Writ Motion") in the adversary proceeding seeking to attach the Debtor's funds including funds to be received by the Debtor from the sale of the 500 Toyopa Property. The Emergency Writ Motion shows that it was served on December 12, 2013 by mail to the Debtor.

5

18. On December 12, 2013, notice of the Emergency Writ Motion was served upon the Debtor via overnight mail.  Additionally, the Emergency Writ Motion was e-mailed to the Debtor (at petereichlerjr@gmail.com) and counsel for the Debtor, Hyongsoon Kim (kimh@akingump.com) at the law firm of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") on December 13, 2014, and again overnighted to the Debtor and to Hyongsoon Kim on December 13, 2013. Based thereon, by December 13, 2013, the Debtor and his counsel had notice of the Emergency Writ Motion and the relief sought by Golden therein.

19. On December 13, 2014, Judge Russell also set an emergency hearing on the Emergency Writ Motion for December 19, 2013 at 2:00 p.m.  Golden gave immediate notice of the hearing to the Debtor and counsel for the Debtor, Akin Gump, both by e-mail and by overnight mail.  In addition, the Clerk of the Court issued an ECF notice on December 13, 2013 as to the hearing on the Emergency Writ Motion.

25. On December 16, 2013, Defendant also paid $25,000 to Dumas & Associates ("Dumas").  Dumas was engaged as Debtor's bankruptcy counsel.

26. In addition to the foregoing, and as shown on the Statement of Financial Affairs filed by the Debtor ("SOFA"), on December 18, 2013, the Debtor paid $75,000 to his counsel, Akin Gump, and $75,000 to his expert witness, National Economic Research Associates, Inc.

27. On December 17, 2013, the Debtor, through Dumas, filed an opposition to the Emergency Writ Motion.

28. On December 19, 2013, at 10:52 A.M., approximately 3 hours before the emergency hearing on the Emergency Writ Motion, the Debtor filed his emergency, "skeletal" chapter 7 bankruptcy petition.  The filing of bankruptcy by the Debtor was announced at the hearing on the Emergency Writ Motion

later that afternoon. As a result of the Debtor's emergency bankruptcy filing, Judge Russell did not rule on the Emergency Writ Motion.

30. Following the Petition Date, the Trustee has had to make demands upon and/or file complaints to recover the payments to preferred creditors that the Debtor made from the sale of the 500 Toyopa Property, which were made by the Debtor despite the Debtor having had actual knowledge as the Emergency Writ Motion and the hearing on the Emergency Writ Motion and the Debtor having hired bankruptcy counsel.

31. In particular, the Trustee made demands upon, and/or filed complaints against Akin Gump (the Debtor's counsel), Pendle Property, LLC (the Debtor's landlord), and National Economic Research Associates Inc. (the Debtor's consultant in the SEC Action), to recover the funds that they received from the Debtor from the proceeds of the 500 Toyopa Property. The Debtor delayed the Trustee's control of the funds paid to these parties, and the Trustee was only able to recover a portion of the monies that these parties received from the Debtor through settlements.

32. The Trustee is continuing to explore, and will file complaints to recover, payments made by the Debtor prior to the Petition Date from the proceeds of the 500 Toyopa Property, including, without limitation, the almost $300,000 paid to Gaudenti & Sons.

33. The Debtor ultimately filed his Schedules and SOFA on January 16, 2014, approximately a month after the Petition Date. Question 10 of the SOFA asks the Debtor to "List all other property, other than property transferred in the ordinary course of business or financial affairs of the debtor, transferred wither absolutely or as security within two years immediately preceding the commencement of this case." In response to this question, the Debtor listed only two transfers of real property, as follows:

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Transferee: Bryan Biniak and Song Oh** <br> **Address: 500 Toyopa Drive, Pacific Palisades, CA** <br> **Relationship: unrelated** | 12/16/2013 | **Property: 500 Toyopa Drive, Pacific Palisades, CA** <br> **Value: $4,520,497.60** |
| **Transferee: David Berman and Jessica Berman** <br> **Address: 530 Toyopa Drive, Pacific Palisades, CA** <br> **Relationship: unrelated** | 5/30/2013 | **Property: 530 Toyopa Drive, Pacific Palisades, CA** <br> **Value: $8,000,000** |

34. Subsequently, the Debtor amended Question 10 of the SOFA to include two additional transfers involving real property in Nevada, but the Debtor has never disclosed that he transferred the Beach Property to his son, which occurred in April 2013.

This ruling leaves the other asserted "uncontroverted" facts from Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Partial Summary Judgment, ECF 25, which the court now numbers as Alleged Uncontroverted Facts 9, 10, 11, 12, 13, 20, 21, 22, 23, 24, 29 and 35, as still "controverted" and disputed, and thus, to be resolved at trial. The court does not adopt these Alleged Uncontroverted Facts as established facts because Trustee did not submit admissible evidence in support of such facts in that such alleged facts were supported only by the declarations of witnesses whose statements were not shown to be based on personal knowledge (i.e., Trustee and Jeffrey Golden, the Alethia

bankruptcy trustee) as required by Federal Rule of Civil Procedure 56(c)(4) or because Defendant submitted sufficient evidence to controvert such facts and to demonstrate that genuine issues of material fact existed as to those alleged facts as provided in Federal Rule of Civil Procedure 56(c)(1)(A).

Therefore, this court denies Trustee's request for summary judgment on her claim under 11 U.S.C. § 727(a)(2)(A) because the court determines that there are still genuine issues of material fact for trial as to whether Defendant intended to hinder, delay, or defraud an office of the estate with the various transfers at issue in this case. This determination precludes the granting of summary judgment pursuant to Federal Rule of Civil Procedure 56(a) and Federal Rule of Bankruptcy Procedure 7056.

For the reasons stated above, IT IS HEREBY ORDERED as follows:

1. Facts 1-8, 14-19, 25-28 and 30-34 of Plaintiff's Statement of Uncontroverted Facts, as assigned by the court above, are hereby treated as established because such facts are not genuinely in dispute in this adversary proceeding pursuant to Federal Rule of Civil Procedure 56(g) and Federal Rule of Bankruptcy Procedure 7056.

2. The Motion is hereby denied as to Trustee's request for entry of summary judgment.

///

3. The further hearing on the Motion scheduled for January 26, 2016 at 3:00 p.m. is vacated and taken off calendar. No appearances are required on the Motion on January 26, 2016.

IT IS SO ORDERED.

###

Date: January 20, 2016

Robert Kwan
United States Bankruptcy Judge

10